**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of New Jersey
(State)

Case number (*If known*): ____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name**

THE CHILDREN'S PLACE INTERNATIONAL, LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)

03-0376042

**4. Debtor's address**

**Principal place of business**

500 Plaza Drive
Number Street

Secaucus NJ 07094
City State ZIP Code

Hudson County
County

**Mailing address, if different from principal place of business**

Number Street

P.O. Box

City State ZIP Code

**Location of principal assets, if different from principal place of business**

Number Street

City State ZIP Code

**5. Debtor's website** (URL)

www.childrensplace.com

Debtor THE CHILDREN'S PLACE INTERNATIONAL, LLC Case number (*if known*) ____________________
Name

**6. Type of debtor**

- ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: ____________________

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
4 5 8 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ■ No
- ☐ Yes. District ______ When ______ (MM / DD / YYYY) Case number ______
  District ______ When ______ (MM / DD / YYYY) Case number ______

Debtor THE CHILDREN'S PLACE INTERNATIONAL, LLC
Name

Case number (*if known*)_____________________________________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes. Debtor See Rider 1 Relationship Affiliates

District New Jersey When 11/08/2026
MM / DD / YYYY

Case number, if known ______________________________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ________________________________________________________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ________________________________________________________________

**Where is the property?**________________________________________________________
Number Street

________________________________________________________

________________________________ ______ ____________
City State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ________________________________________________________

Contact name ________________________________________________________

Phone ______________________________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ■ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor THE CHILDREN'S PLACE INTERNATIONAL, LLC Case number (*if known*)
Name

**15. Estimated assets (on a consolidated basis)**

- ❑ $0-$50,000
- ❑ $50,001-$100,000
- ❑ $100,001-$500,000
- ❑ $500,001-$1 million
- ❑ $1,000,001-$10 million
- ❑ $10,000,001-$50 million
- ❑ $50,000,001-$100 million
- ❑ $100,000,001-$500 million
- ■ $500,000,001-$1 billion
- ❑ $1,000,000,001-$10 billion
- ❑ $10,000,000,001-$50 billion
- ❑ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**

- ❑ $0-$50,000
- ❑ $50,001-$100,000
- ❑ $100,001-$500,000
- ❑ $500,001-$1 million
- ❑ $1,000,001-$10 million
- ❑ $10,000,001-$50 million
- ❑ $50,000,001-$100 million
- ❑ $100,000,001-$500 million
- ■ $500,000,001-$1 billion
- ❑ $1,000,000,001-$10 billion
- ❑ $10,000,000,001-$50 billion
- ❑ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/ 08/ 2026
MM / DD / YYYY

✘ /s/ Rudolph Morando
Signature of authorized representative of debtor

Rudolph Morando
Printed name

Title Co-Chief Restructuring Officer

**18. Signature of attorney**

✘ /s/ Michael D. Sirota
Signature of attorney for debtor

Date 11 / 08/ 2026
MM / DD / YYYY

Michael D. Sirota
Printed name

Cole Schotz P.C.
Firm name

Court Plaza North, 25 Main Street
Number Street

Hackensack NJ 07601
City State ZIP Code

(201) 489-3000
Contact phone

msirota@coleschotz.com
Email address

014321986 NJ
Bar number State

| **Fill in this information to identify the case**: | |
|---|---|
| United States Bankruptcy Court for the: | |
| **District of New Jersey** (State) | |
| Case number *(if known)*: ____________ | Chapter **11** |

☐ Check if this is an amended filing

**<u>Rider 1</u>**
**<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>**

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of THE CHILDREN'S PLACE, INC.

- THE CHILDREN'S PLACE, INC.
- The Children's Place Services Company, LLC
- THE CHILDREN'S PLACE INTERNATIONAL, LLC
- The Children's Place Canada Holdings, Inc.
- thechildrensplace.com, inc.
- TCP IH II, LLC
- TCP Real Estate Holdings, LLC
- TCP International Product Holdings, LLC
- THE CHILDREN'S PLACE (CANADA), LP
- TCP INVESTMENT CANADA I CORP.
- TCP INVESTMENT CANADA II CORP.
- TCP Brands, LLC
- AMASKIT, LLC
- The Children's Place (Barbados) Inc.

**Fill in this information to identify the case:**

Debtor name THE CHILDREN'S PLACE, INC., *et al.*

United States Bankruptcy Court for the: ______________ District of New Jersey

Case number (If known): ______________

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | HANSAE CO LTD<br>YEOUIDO-DONG 5/F, SEOUL, 007-238, KR | Kim Chul<br>82266767284<br>hstcplog@hansae.com | Trade | | | | $15,376,452.88 |
| 2 | J.D United Trading Corporation Ltd.<br>UNIT 1307 13/F PROSPERITY, kowloon, 999077, HK | Simon Huang<br>86 0519 68972827<br>celiahuang@jdunited.com | Trade | | | | $6,727,633.17 |
| 3 | TNG INVESTMENT AND TRADING JOINT<br>434/1 Bac Kan Street, Hoang Van Thu Ward, Thai Nguyen City, THAI NGUYEN, 25000, VN | Mrs Lieu<br>84 02803 854462<br>tcptngpaymentteam@tng.vn | Trade | | | | $6,206,642.30 |
| 4 | U-Knits, Inc.<br>R#1506 Mario Tower 28, Digital-Ro 30-Gil, Seoul, 152-741, KR | Myoung Ha<br>82 220592400<br>UKTSS@U-KNIT.COM | Trade | | | | $5,519,699.18 |
| 5 | Fast Sky Holdings Limited<br>Flat/RM C 20/F, Nathan Commercial BLDG, Hong Kong, 999999, CN | zhang Guangyao<br>057185241676<br>tony@starryrich.com | Trade | | | | $4,449,314.29 |
| 6 | ATRACO INDUSTRIAL ENTERPRISES<br>PO BOX 16798, DUBAI, 99999, AE | SARAJ KAPASI<br>971-48812686<br>santosh_kurup@atraco.ae | Trade | | | | $4,405,581.00 |
| 7 | NEW WORLD ENTERPRISE CO., LTD.<br>NO. 118-2 SEC. 3 ZHONGSHAN RD., Zhonghe Dist. New Taipei City 235, NEW TAIPEI CITY, 235, TW | PAUL HSU<br>86-2222-8888<br>ototcpfnteam@otogarment.com | Trade | | | | $3,985,065.26 |
| 8 | TA Trading Co., Ltd<br>11 Cheonho-Daero 87-GIL, Dongdaemun-Gu Seoul Korea, Seoul, 005-003, KR | Alice Kim<br>82-2-6910-7701<br>u1284@hanmail.net | Trade | | | | $3,478,427.13 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Addis Ventures (PVT) LTD<br>A-6, Seethawaka, Export Processing, Zone, Avissawella, 10700, LK | CHANDRAKUMAR KUPPUSWAMY<br>91 99439 54553<br>KCHANDRAKUMAR@JAYJAYMILLS.IN | Trade | | | | $3,286,636.74 |
| 10 | Masood Textile Mills Ltd<br>Universal House, 17/1 New Civil Lines, Faisalabad, 38000, PK | Qundeel Zafar<br>92418787931-4<br>farooqahmad@beaconimpex.com | Trade | | | | $3,177,041.25 |
| 11 | Jay Jay Mills (Bangladesh) Private<br>Plot Nos 2-4 & 9-11 sector 7/A, Cepz South Halishahar, Chattogram, 4223, BD | Mithileash M<br>8801755511371<br>kchandrakumar@jayjaymills.in | Trade | | | | $3,047,252.58 |
| 12 | Technical Traffic Consultants<br>30 Hemlock Drive, Congers, NY, 10920, US | KATTIA OLECKI<br>845-770-3538<br>RosealineR@technicaltraffic.com | Trade | | | | $2,751,307.04 |
| 13 | SKYBLUE MANUFACTURING CO., LTD<br>Room 1006, 10/F Penninsula Square, 18 Sung On Street, Hung Hom,, Kowloon, N/A, HK | Stanley Chu<br>(0852)23808328<br>kkchu_stan@skyblueteam.net | Trade | | | | $2,628,690.99 |
| 14 | SINGTEX PTE LTD<br>60 ALBERT STREET#12-11 OG ALBERT CO, SINGAPORE, 189969, SG | QUEENIE HUA<br>86-51082797801<br>YUCHUN@SINGAPORETEX.COM.SG | Trade | | | | $2,536,936.88 |
| 15 | Fujian Uptop Trading Co Ltd<br>17-18F Zhongfu Plaza, Fuzhou, 350001, CN | Mr. Kelvin<br>86-595-2802-0222<br>sharon@uptop.cn | Trade | | | | $2,345,627.94 |
| 16 | The Willbes & Co., Ltd.<br>76 MANNAM-RO, Cheonan-si, 330-943, KR | ALEXANDER JEONG<br>82415295700<br>parkch@willbes.com | Trade | | | | $2,205,851.61 |
| 17 | ServiceChannel.com Inc<br>30 Patewood Drive, Building 2, Suite 350, Greenville, SC, 29615, US | Kathy West<br>516-240-6818<br>kwest@servicechannel.com | Trade | | | | $2,079,862.10 |
| 18 | ZO CO.,LTD<br>4F NO 7 CHUNCHAO ROAD, CHANG'AN TOWN, HAINING CITY, 314423, CN | SOUNDY ZHANG<br>008657387979790<br>zo-footwear@vip.163.com | Trade | | | | $2,004,915.30 |
| 19 | Bloom Dynasty Limited<br>Unit C 20/F Nathan Commercial Build, 430-436 Nathan Road, Hong Kong, 999999, CN | Tony Zhang<br>0571-85241691<br>tony@starryrich.com | Trade | | | | $1,964,044.17 |
| 20 | Converge Technology Solutions US, LLC<br>130 Technology Parkway, Peachtree Corners, GA, 30092, US | Tom Hughes<br>917-272-2147<br>ACQ-REMIT@convergetp.com | Trade | | | | $1,824,858.99 |

Debtor THE CHILDREN'S PLACE, INC., *et al.*
Name

Case number *(if known)*

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Advanced Fashion Company Ltd<br>8F-3 No 188 Sec 5<br>Nanging E Rd, Songshan<br>Dist., Taipei, 105, TW | Annie .<br>886-3-9222388<br>Annie@xianjin.com.tw | Trade | | | | $1,707,209.93 |
| 22 | Orit Trading Lanka PVT LTD<br>07-02 East Tower, World Trade Centre, Colombo 01, 999999, LK | Sanajh Wijesingne<br>940773626700<br>sanathw@oritsl.com | Trade | | | | $1,554,979.40 |
| 23 | Namyang International Co Ltd<br>701 63 Ttukseom-ro 1-gil,<br>Seongdong-gu, Seoul, 004-778, KR | Lee Hye Min<br>8221748388<br>nego@namyang-intl.com | Trade | | | | $1,550,928.35 |
| 24 | GOOGLE INC<br>1600 Amphitheatre Pkwy, Bldg 41,<br>Mountain View, CA, 94043, US | 800-467-1894<br>collections@google.com | Trade | | | | $1,455,439.79 |
| 25 | Salesforce.com Inc<br>415 Mission Street 3rd Floor, San Francisco, CA, 94105, US | VALERIE ROGERS<br>1-317-616-0455<br>payment@salesforce.com | Trade | | | | $1,385,165.29 |
| 26 | FUJIAN TOP SHOES IMP and EXP TRADING CO.<br>5th Floor, Fuxing Development Ctr,<br>Yuling Village, Yangxia Street, Fuqing,<br>Fuzhou, 350323, CN | Chen Jin<br>0086 591 8519<br>elaine_huang@fqfx.com | Trade | | | | $1,345,768.41 |
| 27 | Sheeba International Garments Co.<br>Port Said Public Free Zone, PO Box 817, Port Said, N/A, EG | Gamal Salem<br>012-75272217<br>gamal_Salem@sheebagarments.com | Trade | | | | $1,318,286.17 |
| 28 | MAERSK A/S<br>Esplanaden 50, 1098 Copenhagen K, Denmark | PAULINE MAE CHAVEZ<br>800-790-5277<br>NAMFRCSVCACH@maersk.com | Trade | | | | $1,301,814.49 |
| 29 | MANHATTAN ASSOCIATES INC<br>2300 Windy Ridge Parkway, Atlanta, GA, 30339, US | Anusha Rao<br>770-955-7070<br>ar@manh.com | Trade | | | | $1,137,314.72 |
| 30 | JAY JAY MILLS (INDIA) PRIVATE<br>NO 10 KVP LAYOUT ALANGADU<br>TIRUPUR 641604<br>IN | CHANDRAKUMAR KUPPUSWAMY<br>91 99439 54553<br>Mjothi@jayjaymills.com | Trade | | | | $1,099,492.75 |

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>THE CHILDREN'S PLACE, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-[●] ([●])<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP
STATEMENT AND LIST OF EQUITY INTEREST HOLDERS**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), attached hereto as Exhibit A is an organizational list reflecting all of the ownership interests in the above captioned debtor and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"). The Debtors respectfully represent as follows:

1. The equity of each of the Debtors identified on **Exhibit A** is 100% owned by the entity or entities identified as the equity holder or holders thereof on **Exhibit A**.

2. THE CHILDREN'S PLACE, INC. is the ultimate parent of each of the other Debtors and its equity securities are publicly held. The following chart identifies all of the holders that the Debtors understand hold 5% or more of THE CHILDREN'S PLACE, INC. stock.[2]

---

[1] A complete list of each of the debtors, including each debtor's tax identification number, in these chapter 11 cases may be obtained on the website of the debtors' proposed claims and noticing agent at https://omniagentsolutions.com/TCP. The location of the debtors' service address for purposes of these chapter 11 cases is 500 Plaza Drive, Secaucus, New Jersey 07094.

[2] The list reflects holders of five percent or more of THE CHILDREN'S PLACE, INC.'s common stock and serves as the disclosure required to be made by the Debtors under Bankruptcy Rule 1007. THE CHILDREN'S PLACE, INC. does not and cannot know the precise holdings or identity of the holders of its publicly held common stock. Therefore, by separate motion filed contemporaneously herewith, the Debtors are requesting a waiver of the requirement under Rule 1007 to file a list of all equity security holders.

| Equity Holder | Approximate Percentage of Equity Held |
|---|---|
| (a) Mithaq Capital SPC, a Cayman Islands segregated portfolio company, (b) Mithaq Global, a Cayman Islands company, and (c) Mithaq Capital, a Cayman Islands company, each with an address of c/o Synergy, Anas Ibn Malik Road, Al Malqa, Riyadh 13521 Saudi Arabia, had shared voting power with respect to 13,593,236 shares and shared dispositive power with respect to 13,593,236 shares | 61.1% |
| (a) Turki Saleh A. AlRajhi, a Saudi Arabian citizen and (b) Muhammad Asif Seemab, a Pakistani citizen, each with an address of c/o Mithaq Capital SPC, Synergy, Anas Ibn Malik Road, Al Malqa, Riyadh 13521 Saudi Arabia, had shared voting power with respect to 13,593,236 shares and shared dispositive power with respect to 13,593,236 shares | 61.1% |
| Snowball Compounding Ltd., a Cayman Islands exempted company with an address of c/o Synergy, Anas Ibn Malik Road, Al Malqa, Riyadh 13521 Saudi Arabia, had shared voting power with respect to 1,722 shares and shared dispositive power with respect to 1,000 shares | 61.1% |

**Exhibit A**

| Debtor | Equity Holder(s) | Percentage of Ownership | Mailing Address |
|---|---|---|---|
| The Children's Place Services Company, LLC | THE CHILDREN'S PLACE, INC. | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| THE CHILDREN'S PLACE INTERNATIONAL, LLC | THE CHILDREN'S PLACE, INC. | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| The Children's Place Canada Holdings, Inc. | THE CHILDREN'S PLACE, INC. | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| thechildrensplace.com, inc. | THE CHILDREN'S PLACE, INC<br><br>The Children's Place Canada Holdings, Inc.[3] | 4.615%<br><br>95.385% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| TCP IH II, LLC | The Children's Place Canada Holdings, Inc. | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| TCP Real Estate Holdings, LLC | THE CHILDREN'S PLACE, INC | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| TCP International Product Holdings, LLC | THE CHILDREN'S PLACE, INC | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| THE CHILDREN'S PLACE (CANADA), LP | TCP INVESTMENT CANADA II CORP.[4]<br><br>TCP INVESTMENT CANADA I CORP.[5] | 1%<br><br>99% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| TCP INVESTMENT CANADA II CORP. | TCP Worldwide Holdings Limited[6] | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| TCP INVESTMENT CANADA I CORP. | TCP Worldwide Holdings Limited[7] | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |

3 The Children's Place Canada Holdings, Inc. is a wholly owned subsidiary of THE CHILDREN'S PLACE, INC.

4 TCP INVESTMENT CANADA II CORP. is a wholly owned subsidiary of TCP Worldwide Holdings Limited, which is a wholly owned subsidiary of THE CHILDREN'S PLACE, INC.

5 TCP INVESTMENT CANADA I CORP. is a wholly owned subsidiary of TCP Worldwide Holdings Limited, which is a wholly owned indirect subsidiary of THE CHILDREN'S PLACE, INC.

6 TCP Worldwide Holdings Limited is an indirect wholly owned indirect subsidiary of THE CHILDREN'S PLACE, INC.

7 TCP Worldwide Holdings Limited is an indirect wholly owned subsidiary of THE CHILDREN'S PLACE, INC.

| Debtor | Equity Holder(s) | Percentage of Ownership | Mailing Address |
|---|---|---|---|
| TCP Brands, LLC | THE CHILDREN'S PLACE, INC | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| AMASKIT, LLC | THE CHILDREN'S PLACE, INC | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |
| The Children's Place (Barbados) Inc. | TCP Worldwide Holdings Limited[8] | 100% | 500 Plaza Drive, Secaucus, New Jersey 07094 |

[8] TCP Worldwide Holdings Limited is an indirect wholly owned subsidiary of THE CHILDREN'S PLACE, INC.

**OMNIBUS RESOLUTIONS OF THE
GOVERNING BODIES OF THE CHILDREN'S PLACE, INC.
AND CERTAIN OF ITS SUBSIDIARIES**

**Adopted at a meeting held on November 8, 2026**

After due deliberation, the Special Committee (defined below) and the members of the applicable board of directors and board of managers, and general partners (each, a "Governing Body" and, collectively, the "Governing Bodies"), as applicable, of THE CHILDREN'S PLACE, INC. ("TCP") and each other entity set forth on **Annex A** attached hereto (each, a "Company" and, collectively, the "Companies"), do hereby consent to, adopt, and approve the following resolutions pursuant to the certificate of incorporation, bylaws, operating agreements or similar document (in each case, as amended or amended and restated to date) of each Company, as applicable, and the laws of the state of formation of each Company as set forth next to each Company's name on Annex A:

**WHEREAS**, on November 3, 2026, the board of directors of TCP (the "TCP Board"), in the exercise of its business judgment, established a special committee of the TCP Board (the "Special Committee"), and delegated to the Special Committee full power and sole and exclusive decision-making authority with respect to the following matters: (a) evaluating, reviewing, assessing, negotiating, approving binding entry into, and implementing potential strategic and financial alternatives for TCP and its direct and indirect subsidiaries, including financing, restructuring, reorganization, recapitalization, and sale transactions; (b) evaluating and determining whether and when TCP should file a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and preparing, authorizing, directing, and implementing any such filing; (c) investigating any current or former officer, director, stockholder, or other insider of TCP, or affiliates of any such persons (other than TCP and its subsidiaries), including their acts, omissions, conduct, relationships, dealings, and transactions involving TCP and evaluating, reviewing, assessing, negotiating, and approving any settlement of claims or potential claims held by TCP against any current or former officer, director, stockholder, or other insider, or affiliates of any such persons (other than the Company and its subsidiaries), or asserted against TCP;

**WHEREAS**, the Governing Bodies have reviewed and considered presentations by management and the Companies' respective financial and legal advisors regarding the current capital structure, assets, liabilities, contractual obligations, creditor rights, operations, liquidity, and general financial condition of each Company, the strategic alternatives available to them, and the impact of the foregoing on each Company's businesses;

**WHEREAS**, each Governing Body has had the opportunity to consult with the Companies' management and financial and legal advisors, obtain additional information, and fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, the Governing Bodies have determined, based on their review of the materials presented and the advice of management and the Companies' respective financial and legal advisors, that it is advisable and in the best interests of each Company, its equity holders,

creditors, employees, and other stakeholders to take the actions specified in the following resolutions.

**NOW, THEREFORE, BE IT HEREBY RESOLVED AS FOLLOWS:**

**Chapter 11 Filing and Canadian Ancillary Filing**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of the applicable Company, including after considering the interests of its creditors and other parties in interest, to file, or cause to be filed, a voluntary petition for relief to commence cases (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), and any other petition, motion, application, pleading, proposed order, or other document that may be necessary, advisable, or appropriate under applicable law, and to take any and all actions that such Governing Body or any Authorized Signatory (as defined below) deems necessary, advisable, or appropriate to preserve and maximize value for the benefit of their stakeholders;

**RESOLVED,** that in the business judgment of each Governing Body, it is desirable and in the best interests of each of the Companies on Annex A that are domiciled in Canada (the "Canadian Entities"), including after considering the interests of their creditors and other parties in interest, to file, or cause to be filed, a petition for commencement of an ancillary proceeding (the "Canadian Proceeding") in the Ontario Superior Court of Justice (Commercial List) in Toronto, Canada (the "Canadian Court") pursuant to Part IV of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36;

**RESOLVED,** that TCP be appointed as the foreign representative to represent the Canadian Entities and the Chapter 11 Cases in the Canadian Proceeding and before the Canadian Court;

**RESOLVED**, that the Chief Executive Officer, President, General Counsel, Chief Financial Officer, independent directors, Chief Restructuring Officers, Treasurer, Secretary and such persons performing equivalent functions of each Company are hereby designated as "Authorized Signatories" (each, an "Authorized Signatory") for purposes of these resolutions, each acting in the name and on behalf of the applicable Company; and

**RESOLVED**, that each Authorized Signatory, acting alone or together with one or more other Authorized Signatories, is hereby authorized, empowered, and directed, together with the applicable Company's advisors, to execute and file on behalf of such Company all petitions, schedules, lists, motions, applications, pleadings, papers, and other documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operations of such Company and to prosecute and administer the Chapter 11 Cases.

**Retention of Professionals**

**RESOLVED**, that each Authorized Signatory, acting individually with full power of delegation, is hereby authorized, empowered, and directed to cause the Companies to employ the law firm of White & Case LLP ("W&C"), as general bankruptcy counsel, to represent and assist

such Company in carrying out its duties and responsibilities under the Bankruptcy Code and applicable law, and to take any and all action to advance the rights and obligations of such Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of W&C in accordance with applicable law;

**RESOLVED**, that each Authorized Signatory, acting individually with full power of delegation, is hereby authorized, empowered, and directed to cause the Companies to employ the law firm of Cole Schotz P.C. ("Cole Schotz"), as general bankruptcy counsel, to represent and assist such Company in carrying out its duties and responsibilities under the Bankruptcy Code and applicable law, and to take any and all action to advance the rights and obligations of such Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Cole Schotz in accordance with applicable law;

**RESOLVED**, that each Authorized Signatory, acting individually with full power of delegation, is hereby authorized, empowered, and directed to cause the applicable Company to employ Berkeley Research Group, LLC ("BRG"), as restructuring and financial advisor and to provide interim management services, including the services of Rudolph Morando and Chris McAvinn as Co-Chief Restructuring Officers and additional BRG personnel, to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and applicable law, on the terms of the applicable engagement agreements and any amendments or addenda thereto approved by such Authorized Signatory, subject to any required approval of the Bankruptcy Court; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BRG in accordance with applicable law;

**RESOLVED**, that each Authorized Signatory, acting individually with full power of delegation, is hereby authorized, empowered, and directed to cause the applicable Company to employ Cascadia Capital, LLC ("Cascadia"), as investment banker, to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and applicable law, on the terms of the applicable engagement agreements and any amendments thereto approved by such Authorized Signatory, subject to any required approval of the Bankruptcy Court; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Cascadia in accordance with applicable law;

**RESOLVED**, that each Authorized Signatory, acting individually with full power of delegation, is hereby authorized, empowered, and directed to cause the applicable Company to employ A&G Realty Partners, LLC ("A&G"), as real estate consultant, to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the

Bankruptcy Code and applicable law, on the terms of the applicable engagement agreements and any amendments thereto approved by such Authorized Signatory, subject to any required approval of the Bankruptcy Court; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&G in accordance with applicable law;

**RESOLVED**, that each Authorized Signatory, acting individually with full power of delegation, is hereby authorized, empowered, and directed to cause the applicable Company to employ PricewaterhouseCoopers LLP ("PWC"), as tax advisor, to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and applicable law, on the terms of the applicable engagement agreements and any amendments thereto approved by such Authorized Signatory, subject to any required approval of the Bankruptcy Court; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PWC in accordance with applicable law;

**RESOLVED**, that each Authorized Signatory, acting individually with full power of delegation, is hereby authorized, empowered, and directed to cause the applicable Company to employ Omni Agent Solutions, Inc. ("Omni"), as notice and claims agent, to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and applicable law, on the terms of the applicable engagement agreements and any amendments thereto approved by such Authorized Signatory, subject to any required approval of the Bankruptcy Court; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Omni in accordance with applicable law; and

**RESOLVED**, that each Authorized Signatory, acting individually with full power of delegation, is hereby authorized, empowered, and directed to employ such other professionals, including legal counsel, accountants, financial advisors, investment bankers, claims and noticing agents, and other professionals, as may be necessary or appropriate to assist the applicable Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and applicable law.

**General Authorizations**

**RESOLVED**, that each Authorized Signatory acting in the name and on behalf of the applicable Company, is hereby authorized, empowered, and directed to amend, supplement, or otherwise modify the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in these resolutions; take any and all further actions, and execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, and other documents; pay all expenses, including taxes and filing fees; and do or refrain from doing any act or thing, in each case as such signatory may deem necessary, advisable, or desirable in such signatory's reasonable business judgment to fully carry out the intent and purposes of these resolutions and the transactions contemplated hereby;

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, transactions, and certifications relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of such Company with the same force and effect as if each such act, transaction, agreement, or certification had been specifically authorized in advance by resolution of the applicable Governing Body;

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Signatories to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

# Annex A

## Companies

| Company Name | Jurisdiction of Organization | Governing Body |
|---|---|---|
| THE CHILDREN'S PLACE, INC. | Delaware | Special Committee:<br>Elizabeth LaPuma |
| The Children's Place Canada Holdings, Inc. | Delaware | Board of Directors:<br>John Szczepanski<br>Yanting Li |
| THE CHILDREN'S PLACE INTERNATIONAL, LLC | Virginia | Board of Managers:<br>John Szczepanski<br>Yanting Li |
| TCP Brands, LLC | Delaware | Board of Managers:<br>John Szczepanski<br>Yanting Li |
| TCP International Product Holdings, LLC | Delaware | Board of Managers:<br>John Szczepanski<br>Yanting Li |
| TCP Real Estate Holdings, LLC | Delaware | Board of Managers:<br>John Szczepanski<br>Yanting Li |
| AMASKIT, LLC | Delaware | Board of Managers:<br>John Szczepanski<br>Yanting Li |
| The Children's Place Services Company, LLC | Delaware | Board of Managers:<br>John Szczepanski<br>Yanting Li |
| TCP IH II, LLC | Delaware | Board of Managers:<br>John Szczepanski<br>Yanting Li |
| thechildrensplace.com, inc. | Delaware | Board of Directors:<br>John Szczepanski<br>Yanting Li<br>Sujit Bhoola |
| TCP INVESTMENT CANADA I CORP. | Nova Scotia | Board of Directors:<br>John Szczepanski<br>Yanting Li |
| TCP INVESTMENT CANADA II CORP. | Nova Scotia | Board of Directors:<br>John Szczepanski<br>Yanting Li |
| The Children's Place (Canada), LP | Ontario | Board of Directors of TCP Investment Canada II Corp., acting as general partner:<br>John Szczepanski<br>Yanting Li |
| The Children's Place (Barbados) Inc. | Barbados | Board of Directors:<br>John Szczepanski<br>Yanting Li |

# SECRETARY'S CERTIFICATE

The undersigned, being duly elected as General Counsel and Corporate Secretary of each Company, hereby certifies that (i) the attached resolutions are true and correct copies of the resolutions adopted by each of the applicable Governing Bodies for each Company as identified on **Annex A** attached hereto at a meeting of the Governing Bodies held on November 8, 2026; and (ii) these resolutions have not been amended, modified and/or superseded in any way as of the date of this Certificate.

IN WITNESS WHEREOF, I have set my hand this 8th day of November, 2026

By: Yanting Li
Yanting Li
General Counsel and Corporate Secretary

**Fill in this information to identify the case and this filing:**

Debtor Name THE CHILDREN'S PLACE INTERNATIONAL, LLC

United States Bankruptcy Court for the: ______________________ District of New Jersey (State)

Case number (*If known*): ______________________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Interest Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/08/2026
MM / DD / YYYY

✘ /s/ Rudolph Morando
Signature of individual signing on behalf of debtor

Rudolph Morando
Printed name

Co-Chief Restructuring Officer
Position or relationship to debtor